# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| MACK W. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 1:15-cv-01159-STA-tmp |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE
## AFFIRMING THE DECISION OF THE COMMISSIONER
## AND
## ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff Mack W. Allen filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for disability insurance benefits under Title II of the Social Security Act ("Act") and an application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Act between the alleged onset date and October 26, 2009. Plaintiff's applications were denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). On September 17, 2013, the ALJ found Plaintiff to be disabled beginning October 26, 2009, but not before that date. The Appeals Council denied Plaintiff's request for review, and, thus, the decision of the ALJ became the Commissioner's final decision. Plaintiff, pro se, has filed a complaint in this Court contending that he is entitled to "backtime disability" for the period between his alleged onset date and October 26, 2009, and an increase in his monthly disability check. (Cmplt. p. 2, ECF No. 1.)

After the matter had been fully briefed by the parties, on August 12, 2016, Magistrate Judge Tu M. Pham issued a report recommending that the decision of the Commissioner be affirmed.  (ECF No. 21.)  Plaintiff filed objections to the report and recommendation on August 31, 2016.  (ECF No. 22.) The Commissioner filed a response to Plaintiff's objections (ECF No. 23), and Plaintiff filed an additional brief on September 30, 2016.  (ECF No. 24.) Having reviewed the record, the controlling case law, and Plaintiff's objections, the Court agrees with the Magistrate Judge's recommendation.  The report and recommendation is **ADOPTED**, the decision of the Commissioner is **AFFIRMED**, and the case is hereby **DISMISSED**.

As noted by the Commissioner, Plaintiff's objections are untimely.  The parties had fourteen days to file written objections.  Plaintiff did not file his objections until August 31, 2016, five days after the deadline of August 26. Plaintiff's failure to timely file written objections constitutes a waiver of any objections.

However, even on the merits, Plaintiff's objections fail because the Magistrate Judge properly determined that substantial evidence supports the Commissioner's decision. Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party.  The Court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g), and whether the correct legal standards were applied.  *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996)

(citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001).

Here, the Magistrate Judge carefully looked at the ALJ's weighing of the medical evidence in the record and the ALJ's credibility determination and found that all legal rules were followed and that substantial evidence supported the ALJ's findings. In his objections, Plaintiff has presented no relevant facts or arguments not considered by the Magistrate Judge. Because Magistrate Judge Pham evaluated the ALJ's decision under the proper legal standards and addressed all of Plaintiff's arguments, the report and recommendation is **ADOPTED** in its entirety.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks

3

appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to adopt the Magistrate Judge's report and recommendation compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[1]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 19, 2017.

---

[1] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of motions intended for filing in the Sixth Circuit.